## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 25-499 |
| | ) | |
| C.O. JANKOWSKI, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Kezia O. L. Taylor for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On May 21, 2026, the Magistrate Judge issued a Report and Recommendation addressing Defendant RN Altemus's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF No. 24), RN Altemus's Motion to Dismiss for Failure to Opt Out (ECF No. 29), and Defendants Clifford, Jankowski, and Russella's (the Corrections Defendants) Partial Motion to Dismiss for Failure to State a Claim (ECF No. 39) filed by the  ECF No. 45.

The Magistrate Judge recommended that Altemus's Motion to Dismiss for Failure to State a Claim (ECF No. 24) be granted in part and denied in part; that Altemus's Motion to Dismiss for Failure to Opt Out (ECF No. 29) be denied, subject to being reasserted should Plaintiff fail to file proof of opting out; and the Corrections Defendants' Partial Motion to Dismiss for Failure to State a Claim (ECF No. 39) be granted, with leave to amend Plaintiff's First Amendment claims of retaliation and access to courts. Objections to the Report and Recommendation were due by June 4, 2026. Mr. Gibson timely filed Objections, postmarked on June 1, 2026, and filed on the docket on June 10, 2026. ECF No. 48.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

Mr. Gibson's Objections are asserted as follows:

1. Mr. Gibson never received an Opt-out Notice from the Bankruptcy Court, Wellpath, or its affiliate. Mr. Gibson indicates that any mail he receives is signed for by the inmate personally and logged, while smart communications mail is photocopied and documented.

2. In October 2025, Mr. Gibson was classified as "D" code, meaning he is presently suffering from serious mental health issues.

3. Any delay or non-response on the part of Mr. Gibson is due to him having been placed in hospitals or psychiatric observation cells.

4. Therefore, he objects to any determinations based upon his opting-out of the third-party release in the Wellpath Bankruptcy case.

ECF No. 48, at 1-2. It is not clear that Mr. Gibson is objecting to any specific portion of the Magistrate Judge's Report or Recommendations. He explains why he filed a delayed response to two of the motions and failed to file any response to the other motions to dismiss, but he does not affirmatively object on this basis. With respect to his failure to file a response to the one motion to dismiss, Mr. Gibson does not assert arguments in opposition to said motion. Mr. Gibson specifically mentions the issue of his not having filed an opt-out notice, but he appears to only be asking that that he be given an opportunity to establish that he did opt-out. In that case, the Magistrate Judge's Report already recommends that Mr. Gibson be provided a period of time within which to file such proof on the record.

For the reasons stated above, Mr. Gibson's Objections are overruled. The Court will adopt the Report and Recommendation as the opinion of the Court. After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 25th day of June 2026, it is ORDERED that the Report and Recommendation, ECF No. 45, is adopted as the Opinion of the Court.

IT IS FURTHER ORDERED as follows:

A. Defendant Altemus's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, ECF No. 24, is granted in part and denied in part as follows:

1. The motion is GRANTED insofar as it seeks dismissal of Plaintiff's Eighth Amendment claim of deliberate indifference to serious medical need based on physical injuries Plaintiff allegedly sustained during his encounters with the Corrections Defendants on April 24, 2023. This dismissal is with prejudice as amendment would be futile.

2. The motion is DENIED to the extent that Plaintiff's Eighth Amendment claim is predicated on his mental health concerns, and as limited, as discussed within the Report.

3. the motion is DENIED to the extent that Defendant Altemus seeks dismissal of Plaintiff's medical malpractice claim under Pennsylvania Rule of Civil Procedure 1042.3.

B. Defendant Altemus's Motion to Dismiss for Failure to Opt Out, ECF No. 29, is DENIED subject to reconsideration if Plaintiff fails to file proof that he opted out of the Third-Party Release in the Wellpath Bankruptcy Case no later than <u>August 10, 2026</u>.

**C.** The Corrections Defendants' Partial Motion to Dismiss, ECF No. 39, is GRANTED.

    **1.** Plaintiff's official capacity claims asserted against the Corrections Defendants are dismissed with prejudice, as amendment would be futile.

    **2.** Plaintiff's First Amendment claims of retaliation and denial of the right to access courts are dismissed without prejudice. Plaintiff is given leave to amend said claims. Plaintiff may file an amended complaint in accord with this Order and the Report and Recommendation no later than August 10, 2026.

This matter is returned to the Magistrate Judge for further proceedings.

                          _s/*Marilyn J. Horan*_____
                          Marilyn J. Horan
                          United States District Court Judge

Derrick Gibson
JP-2190
SCI PHOENIX
1200 Mokychic Drive
Collegeville, PA 19426